IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAURA K. WHALEN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:21-00503-KD-N |
| ) | |
| TOYOTA MOTOR SALES, ) | |
| U.S.A., Inc. ) | |
|     Defendant. ) | |

## ORDER

This action is before the Court on a motion to withdraw as counsel for Plaintiff, Laura K. Whalen, filed by attorney Brian A. Traywick of Shunnarah Trial Attorneys. (Doc. 21).[1] For the reasons stated below, Traywick's motion is **DENIED**. Should Traywick desire to refile his motion in accordance with the steps outlined below, he must do so no later than **October 31, 2022**.

The present case was initiated in this Court on November 11, 2021, following a Notice of Removal (Doc. 1) from the Circuit Court of Perry County Alabama filed by Defendant Toyota Motor Sales. At the time of removal, Plaintiff's attorney of record was Justin M. Taylor of Shunnarah Trial Attorneys. (Doc. 1, PageID.9).[2] On August 12, 2022, Traywick filed a notice of appearance in which he requested the Court "enter his name as an additional attorney of record" for Plaintiff. (Doc. 20, PageID.107).

---

[1] The assigned District Judge referred the present motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/18/2022 electronic reference).

[2] At the time of removal, Taylor was not admitted to practice before this Court, though a review of Court records indicates his admission to do so as of January 19, 2022.

Between Traywick's notice of appearance and the current motion to withdraw, there have been no record filings in this case.

Traywick's motion seeks withdraw due to an inability to get in touch with his client. (*See* Doc. 21). Specifically, Traywick states, "[t]he plaintiff in this case has failed to contact the above counsel after counsel made several attempts to contact her." (Doc. 21, PageID.109). The motion goes on to request the Court grant his motion and also "grant the Plaintiff 60 days to obtain a new [a]ttorney." (*Id.*).

Under this Court's local rules:

> Unless disbarred or suspended, attorneys shall be held at all times to represent the parties for whom they appear of record in the first instance until, after formal motion and notice to such parties and to opposing counsel, they are permitted by order of the Court to withdraw from such representation. The Court may, however, permit withdrawal without formal motion and notice if other counsel has entered an appearance for the party.

S.D. Ala. GenLR 83(h).

Attorneys practicing in this district are further obligated to comply with the Alabama Rules of Professional Conduct. *See* S.D. Ala. GenLR 83(i). Pursuant to Rule 1.16, "a lawyer may withdraw from representing a client if the withdrawal can be accomplished without material adverse effect on the interests of the client, or if … the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Ala. Rules of Prof. Conduct Rule 1.16(b)(4). Additionally, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests," including

the provision of reasonable notice and allowing time for employment of other counsel. Ala. Rules of Prof. Conduct Rule 1.16(d).

While Traywick has requested 60 days for his client to find a new attorney, he has not provided any indication that reasonable notice was provided to his client – nor whether any notice was provided at all. Thus, at a minimum, Traywick must inform Whalen of his intent to withdraw as counsel and communicate the basis for this decision with her. Understanding that a lack of communication is at the crux of his underlying motion, Traywick can accomplish the provision of reasonable notice by serving Whalen with a copy of the motion to withdraw (Doc. 21) at her last known address and providing the Court with proof of service to document this effort.

Moreover, it is unclear what role – if any – attorney Justin Taylor currently has in this case. In Traywick's notice of appearance, he refers to himself as "an additional attorney of record," (Doc. 20, PageID.107), yet in his motion to withdraw, he requests 60 days for Plaintiff "to obtain a new attorney." (Doc. 21, PageID.109). The record does not reveal that Taylor has withdrawn from this case – nor does Traywick's motion appear to speak on Taylor's behalf. As such, it is unclear to the undersigned why Plaintiff would need "to obtain a new attorney," if Taylor (who also works at Shunnarah Trial Attorneys) remains on the case. Accordingly, Brian A. Traywick is **ORDERED** to, no later than **October 31, 2022**:

- Notify Whalen of his intent to withdraw by following the steps outlined above and refile his motion to withdraw accordingly.

- Provide an update to the Court as to the role and status of attorney

Justin M. Taylor in this litigation.

- Provide the Court with Whalen's last known address for the Court's records.

**DONE** and **ORDERED** this the 21st day of October 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**