# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LAURA K. WHALEN,<br>    Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES,<br>U.S.A., Inc.<br>    Defendant. | )<br>)<br>)<br>) CIVIL ACTION NO. 1:21-00503-KD-N<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

This action is before the Court upon receipt of notice that certified mail sent to Plaintiff Laura K. Whalen was returned to this Court as undeliverable. (Doc. 27). The District Judge assigned to this case referred this matter to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (12/19/2022 electronic reference). For the reasons stated herein, the undersigned **RECOMMENDS** Whalen's complaint (Doc. 1) be **DISMISSED without prejudice**.

## I.   *Background*

The present case was initiated in this Court on November 22, 2021, after being removed from the Circuit Court of Perry County, Alabama. (Doc. 1). At the time of removal, Justin M. Taylor of Shunnarah Injury Lawyers, P.C. was listed as Plaintiff's counsel of record. (Doc. 1, PageID.9). From November 2021 until approximately August of 2022, this case progressed as most cases should: Defendant filed its answer (Doc. 3), the parties submitted a Fed. R. Civ. P. 26(f) planning report (Doc. 7), a Fed. R. Civ. P. 16(b) Scheduling Order was entered (Doc. 13) and the parties began the discovery process. (*See* Docs. 14, 16, 19).

On August 12, 2022, Brian A. Traywick, also an attorney with Shunnarah Injury Lawyers, P.C., filed a notice of appearance on behalf of Whalen. (Doc. 20). The next record entry was Traywick's motion to withdraw as counsel. (Doc. 21). In this motion, Traywick represented that "[t]he plaintiff in this case has failed to contact the above counsel after counsel made several attempts to contact her." (Doc. 21, PageID.110). Traywick moved the Court to be withdrawn as counsel of record and requested Whalen be given 60 days to obtain a new attorney. (*Id.*).

Pursuant to this Court's local rules:

> Unless disbarred or suspended, attorneys shall be held at all times to represent the parties for whom they appear of record in the first instance until, after formal motion and notice to such parties and to opposing counsel, they are permitted by order of the Court to withdraw from such representation. The Court may, however, permit withdrawal without formal motion and notice if other counsel has entered an appearance for the party.

S.D. Ala. GenLR 83.3(h). Moreover, attorneys practicing in this district are obligated to comply with the Alabama Rules of Professional Conduct. S.D. Ala. GenLR 83.3(i). And, pursuant to Rule 1.16, "a lawyer may withdraw from representing a client if the withdrawal can be accomplished without material adverse effect on the interests of the client, or if … the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Ala. Rules of Prof. Conduct Rule 1.16(b)(4).

The undersigned denied Traywick's initial motion to withdraw (Doc. 21) in an order dated October 21, 2022, on the basis that Traywick had not communicated to

the Court any efforts taken to inform Whalen of his intent to withdraw. (Doc. 22). In this order, the Court instructed:

> …at a minimum, Traywick must inform Whalen of his intent to withdraw as counsel and communicate the basis for this decision with her. Understanding that a lack of communication is at the crux of his underlying motion, Traywick can accomplish the provision of reasonable notice by serving Whalen with a copy of the motion to withdraw (Doc. 21) at her last known address and providing the Court with proof of service to document this effort.

(Doc. 22, PageID.113). This order further instructed Traywick to: (1) update the Court on the status of Justin M. Taylor (Plaintiff's initial attorney of record who had not otherwise filed a motion to withdraw), and (2) provide the Court with Whalen's last known address for the Court's records. (*Id.*).

Traywick timely complied with the Court's instructions, filing a second motion to withdraw on October 25, 2022. (Doc. 23). Traywick's second motion included the affidavit of a process server (Russell Payne) who was hired on September 6, 2022, to make physical contact with Whalen. (Doc. 23-1, PageID.119-120). Additionally, Traywick included a copy of a certified letter sent to Whalen on October 24, 2022, that referenced an attached copy of his motion to withdraw. (Doc. 23-1). Traywick also informed the Court that Taylor was no longer employed by Shunnarah Injury Lawyers, P.C. and requested his withdrawal. (Doc. 23, PageID.116). Whalen's last known address, 625 Durden Road in Prattville, AL 36067, was also provided. (*Id.*).

These efforts were largely sufficient to satisfy the reasonable notice efforts required of Traywick under the Court's local rules and the Alabama Rules of Professional Conduct. Payne states in his affidavit that he attempted to serve

Plaintiff via hand delivery on September 15, 2022, at 625 Durden Road, and explains that an individual named Donna Tadlock answered the door. (Doc. 23-1). According to Payne, "Tadlock stated that Laura Walker was not currently home but would accept service of the letter and would make sure she got it." (*Id.*). However, as is plain from Payne's above-quoted statement, there were inconsistencies with the affidavit. For example, while Payne states he "received a request to hand deliver a letter to Laura Walker, 625 Durden Rd., Prattville, AL 36067," he notes, "the letter, dated September 6, 2022, was addressed to Laura K Whalen." (Doc. 23-1, PageID.120). As the Court explained in its October 26, 2022, order:

> …while Traywick represents Whalen's address to be 625 Durden Road in Prattville, AL (*see* Doc. 23, PageID.116), and the October 24, 2022, certified letter is addressed to Laura Whalen at this address (*see* Doc. 23-1, PageID.122), Payne's affidavit clearly states this location as a "possible current address for Laura Walker." (Doc. 23-1, PageID.119). Further calling into question whether this address belongs to Plaintiff Laura Whalen or to an uninvolved Laura Walker is the listing of Plaintiff's County of residence in both the notice of removal (Doc. 1, PageID.2) and civil cover sheet (Doc. 1-1, PageID.10) as Perry County, AL. A basic Google Maps search reveals that 625 Durden Road in Prattville, AL is in Autauga County, AL rather than Perry County, AL.
>
> While certainly possible that Plaintiff Whalen has moved since this action was removed in November 2021, it is unclear whether the above-noted inconsistencies are merely clerical errors, or if they are representative of a larger concern: *i.e.*, that provision of reasonable notice was made to the wrong person. Accordingly, Traywick is ORDERED resolve these concerns for the Court.

(Doc. 24, PageID.126). In addition, this order granted Traywick's request that Taylor to be withdrawn and directed the Clerk of Court to administratively terminate Taylor's representation of Whalen in this matter. (*Id.*).

Traywick again timely complied with the Court's instructions, filing his third

4

and final motion to withdraw on November 9, 2022. (Doc. 25). The final motion included a corrected affidavit from Payne, which resolved the prior inconsistencies noted by the Court. (Doc. 25-1). Moreover, this corrected affidavit notes a second service attempt by Payne at the 625 Durden Road address on November 9, 2022. (*Id.*). Payne explains "[t]here were no cars in the driveway, and nobody answered the door. The letter was placed in an envelope and left in the front door of the residence." (Doc. 25-1, PageID.131). Additionally, Traywick's third motion included a copy of an additional letter sent to Whalen on November 7, 2022. (Doc. 25-2).[1]

Upon review and consideration of Traywick's third motion to withdraw, the corrected affidavit and Traywick's prior efforts, the undersigned entered an order on November 15, 2022, granting his motion to withdraw, and instructing the Clerk to administratively terminate Traywick's representation of Whalen in this matter. (Doc. 26). However, the undersigned denied Traywick's request that Whalen be given 60 days to find a new attorney. (*Id.*). Noting that many of the deadlines set by the Court's current schedule (*see* Doc. 13) were months away, the undersigned declined to put a limit on the amount of time Whalen would be given to find a new attorney. (Doc. 26).

Instead, the Court informed Whalen of her updated status as a *pro se* litigant, describing in detail the new obligations and duties that come with it. (*Id.*). Further, the undersigned ordered that one of the following occur by no later than December 13, 2022: (1) new counsel for Plaintiff file a notice of appearance or (2) Plaintiff file

---

1 This letter indicates that it was sent by uncertified mail, certified mail and hand delivery to Laura Whalen at 625 Durden Road, Prattville, AL 36067.

written notice with the Clerk of her intent to continue litigation of the present action.[2] Finally, this order directed the Clerk to update the docket sheet to reflect Whalen's new *pro se* status, instructed that the 625 Durden Road address be used for service, and ordered Whalen be sent by standard first-class mail: (1) a copy of the November 15, 2022, order, (2) a copy of the Rule 16(b) Scheduling Order, (3) a copy of the current docket sheet, and (4) a copy of the Pro Se Litigant Handbook. (*Id*.). A copy of the November 15, 2022, order was also sent to Whalen by certified U.S. mail with return receipt. (*Id*.).

On December 19, 2022, the certified U.S. mail copy of the Court's order was returned as undeliverable. (Doc. 27).[3] To date, no attorney has entered a notice of appearance on Whalen's behalf, nothing further has been filed by any party, and Whalen has not otherwise contacted the Court or demonstrated her desire to continue this litigation.

## II.   *Dismissal*

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss

---

2 Plaintiff was put on notice by this order that, despite her new *pro se* status, "failure to comply with this directive may be deemed abandonment of this action and result in a recommendation that the Court dismiss this action for failure to prosecute or noncompliance with the Court's orders." (Doc. 26, PageID.140.

3 This mailing was properly addressed to Laura K. Whalen at 625 Durden Rd, Prattville, AL 36067.

6

the action for failure to prosecute, in accordance with applicable law."). Here, the record indicates Whalen has not been heard from – whether by the Court or her former attorney Traywick – since approximately August of 2022. Several attempts have been made to get in contact with her by both Traywick and Payne with no success. Moreover, Whalen did not comply with the Court's November 15, 2022, order, (Doc. 26), nor has she provided any explanation for the failure to do so.

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

### III.    *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Whalen's complaint – which was removed to this Court on November 22, 2021 (Doc. 1) – be **DISMISSED without prejudice** and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See*

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of January 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**